UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASIM MUNIR, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 22-57WES |
| | : | |
| STATE OF RHODE ISLAND SUPERIOR COURT, | : | |
| | : | |
|     Defendant. | : | |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Plaintiff Hasim Munir is a prisoner at Rhode Island's Adult Correctional Institutions ("ACI") serving a sentence based on his 2017 conviction after a jury trial in the Superior Court for first-degree child molestation/sexual assault. State v. Munir, 209 A.3d 545, 546 (R.I. 2019), cert. denied, 140 S. Ct. 277 (2019). Following the Rhode Island Supreme Court's affirmance of his direct appeal and the United States Supreme Court's denial of certiorari, pursuant to R.I. General Laws § 10-9.1-1, in October 2019, Plaintiff initiated a post-conviction challenge to the conviction in the Rhode Island Superior Court. Munir v. Rhode Island, PM-2019-10028 (R.I. Super. Ct.). Plaintiff's post-conviction relief proceeding remains pending in the Superior Court. According to the public docket, it is being actively litigated; a decision issued denying Plaintiff's motion for summary judgment on October 25, 2021, and a status conference is scheduled to occur on March 23, 2022. Id.

In this case, Plaintiff argues that his conviction was wrongful because he is factually innocent and that his ongoing incarceration transgresses his Eighth Amendment right to be free from cruel and unusual punishment. ECF No. 1 at 1-3.[1] He attacks the length of time his state

---

[1] Plaintiff's complaint is somewhat incoherent. The Court has reviewed it with the leniency customarily afforded to any *pro se* filings. Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

post-conviction relief petition has been pending, arguing that "R.I.G.L. Post-Conviction Relief 10-9-.1-12 has no timeline for final determine in a Post-Conviction when evidence new to trial court does not require a hearing just the valuable nature to establish reasonable doubt." ECF No. 1 at 3.  Noting that a state prisoner can challenge the lawfulness of his detention in federal court through a petition for a writ of habeas corpus, he asks this Court to order the Superior Court to (1) pay him $1500 per day based upon the three-year delay in addressing his post-conviction relief petition; (2) develop a time limit for state courts to handle post-conviction relief proceedings "depending upon hearings based on Innocence protection and reasonable doubt of new evidence"; or (3) (alternatively) render a judgment in his post-conviction matter within thirty days.  ECF No. 1 at 7, 15.

Plaintiff accompanied his complaint with an application to proceed *in forma pauperis* ("IFP"), which has been referred to me for review.[2]  ECF No. 3.  Because of the filing of the IFP application, Plaintiff's case is subject to initial screening.  See 28 U.S.C. §§ 1915(e)(2) and 1915A; Sevegny v. Smith, C.A. No. 16-258S, 2016 WL 11214094, at *1-3 (D.R.I. July 27, 2016) (pursuant to 28 U.S.C. § 1915(e)(2)(B), court must screen out § 1983 claims that are frivolous or fail to state a claim), adopted, 2017 WL 35709 (D.R.I. Jan. 4, 2017); Fuentes v. Coyne-Fague, C.A. No. 20-000111-WES, 2020 WL 8970624, at *1 (D.R.I. March 24, 2020) (Rule 4 of Rules Governing Section 2254 Cases requires court to dismiss petition if it plainly appears that petitioner is not entitled to relief), adopted by text order (D.R.I. May 21, 2020).

---

[2] The IFP application is deficient in that Plaintiff did not attach the required prisoner trust fund account statement. This deficiency need not be cured if the District Court adopts my recommendation of summary dismissal.  See 28 U.S.C. § 1915(a)(2).

This is Plaintiff's third civil action[3] asking this Court to intervene in his post-conviction relief proceeding, which remains pending and active in the Superior Court. The first was summarily dismissed on May 13, 2021. Munir v. Superior Court, C.A. No. 21-92WES, 2021 WL 1238100, at *3 (D.R.I. Apr. 2, 2021), adopted, 2021 WL 1925392 (D.R.I. May 13, 2021) (transfer of ongoing post-conviction proceeding to federal court is not permissible, pleading fails plausibly to state a claim under 42 U.S.C. § 1983 and improperly seeks federal court intervention in ongoing state court post-conviction proceeding). A federal writ of habeas corpus seeking substantially similar relief was dismissed without prejudice as premature. Munir v. Rhode Island, No. 18-cv-415-JJM-LDA, ECF No. 15 (D.R.I. Oct. 17, 2018), appeal terminated, No. 18-2090 (1st Cir. Dec. 21, 2018).

A threshold reason why Plaintiff's complaint fails to state a viable claim is that the Constitution does not require states to provide a post-conviction proceeding to individuals who are convicted of crimes. Garcia v. Spearman, Case No. 17-cv-06377-EMC, 2019 WL 4840567, at *14 (N.D. Cal. Oct. 1, 2019) ("States have no obligation to provide [post-conviction] relief") (quoting Pennsylvania v. Finley, 481 U.S. 551, 557 (1987)); see also Montgomery v. Louisiana, 577 U.S. 190, 230 (2016) (Thomas, J. dissenting) ("the Constitution does not require postconviction remedies"). And because there is no constitutional right to collateral review, it is also settled law that any error committed by the state court in the course of collateral proceedings would not result in a federal constitutional violation. Faulk v. Long, No. C-13-5410 EMC (pr), 2015 WL 433578, at *6 (N.D. Cal. Feb. 2, 2015). For example, there is no constitutional right to

---

[3] My recommendation that Plaintiff's second civil action seeking money damages be summarily dismissed is pending in Munir v. State of Rhode Island Superior Court, C.A. No. 22-39MSM. Plaintiff is cautioned that he is at risk of being barred from filing yet another civil action *in forma pauperis*: the three-strikes rule prevents a prisoner from bringing a civil suit *in forma pauperis* if he has had three or more prior suits that were "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim." 28 U.S.C. § 1915(g).

counsel in a post-conviction proceeding.  Finley, 481 U.S. at 557.  There is certainly no constitutional right to a "speedy" post-conviction proceeding, which seems to be Plaintiff's concern.[4]

As with Plaintiff's recently dismissed federal case in 21-cv-92WES, this complaint also fails because a state-court post-conviction petition must be adjudicated to conclusion in the state court (including appeal, if available, to the state's highest court) before the federal court may intervene.  Janosky v. St. Amand, 594 F.3d 39, 50 (1st Cir. 2010); see Fuentes v. Coyne-Fague, C.A. No. 20-000111-WES, 2020 WL 8970624, at *1 (D.R.I. Mar. 24, 2020) (dismissing federal petition based on failure to exhaust state-court remedies despite claim that state post-conviction proceeding plagued by "inordinate delay of (3) years attributable to the state, the Court-appointed counsel and trial justice"), adopted by text order (D.R.I. May 21, 2020).  Relatedly, Plaintiff's filings effectively ask this Court to step in and interfere with the adjudication of his ongoing state criminal case at the post-conviction phase.  Such an attempt to end run state criminal proceedings is barred by either the Younger abstention doctrine and/or the Rooker-Feldman doctrine.  See Younger v. Harris, 401 U.S. 37 (1971) (preventing a federal court from interfering with an ongoing state criminal prosecution); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983) (preventing lower federal courts from sitting in direct review of state court decisions); see also Munir, 2021 WL 1925392, at *1.  Finally, to the extent that Plaintiff seeks to sue the Superior Court as an entity, he is trying to bring a suit for damages against the State,

---

[4] Although there is no constitutional right to speedy post-conviction relief, at some point, an "[i]nordinate, unjustifiable delay" could be sufficient to excuse further exhaustion of state court remedies.  Heon v. R.I. Att'y Gen.'s Office, No. CA 12-44 ML, 2012 WL 3241919, at *6 (D.R.I. July 25, 2012), adopted, 2012 WL 3235836 (D.R.I. Aug. 7, 2012) (quoting Jackson v. Duckworth, 112 F.3d 878, 881 (7th Cir.1997)).  In Heon, the claimant had been "attempting to obtain relief (with varying degrees of diligence) for twenty years."  Heon, 2012 WL 3241919, at *6.  The extreme circumstances in Heon are entirely different from Plaintiff's circumstances.  Heon is not applicable here.

which he may not do pursuant to 42 U.S.C. § 1983 because the State is a sovereign and "is not a 'person' as that term is used in § 1983, and thus is not susceptible to suit under § 1983." Bibby v. Rodgers, No. CA 09-529 ML, 2010 WL 554028, at *6 (D.R.I. Feb. 12, 2010) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)).

       For the foregoing reasons, I recommend that Plaintiff's complaint (ECF No. 1) be summarily DISMISSED for failure to state any legally viable claim and as frivolous because of the overlap between this new case and the recently dismissed claims in 21-cv-92WES.  I also recommend that Plaintiff's IFP application (ECF No. 3) be DENIED as moot.  Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan  
PATRICIA A. SULLIVAN  
United States Magistrate Judge  
March 7, 2022